THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JOE C. MORTON ET AL                                                                                    PLAINTIFF

VS.                                                                        CAUSE NO. 4:20-CV-199-SA-JMV

COTTON SEED CO-OP
CORPORATION                                                                                           DEFENDANTS

ORDER AND MEMORANDUM OPINION

On November 17, 2020, Michael S. Stokes, Joe C. Morton, James Edward Collins, Jr, Ron Christopher Young, Sr, Billy Bryant, proceeding *pro se*, filed their joint Complaint [1] commencing this action. In the Complaint [1], the Plaintiffs allege that they were discriminated against by their employer, Cotton Seed Co-op Corporation, in violation of Title VII of the Civil Rights Act of 1964 and the Equal Pay Act of 1963. The Plaintiffs also make reference to "Labor Code Section 432.3." On March 9, 2021, Cotton Seed filed a Motion to Dismiss [9] for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Thereafter, four out of the five Plaintiffs, Joe C. Morton, Billy Bryant, Ron Christopher Young, and James Edward Collins, Jr., filed separate Responses [27, 28, 29, 30] to the Motion to Dismiss [9]. Cotton Seed then filed a Reply [34]. The issues are ripe for review.

*Relevant Factual Background*

The Plaintiffs' Complaint [1] contains allegations as to each individual Plaintiff. However, other than their individual names and respective durations of employment spent at Cotton Seed, the pleadings are identical.[1] The various Plaintiffs, all of whom are African-American, allege that

---

[1] Out of the five identical pleadings, Joe C. Morton's pleading contains one additional count where he claims that he was forced out of the company because a "whiteman" who had a personal relationship with the owner of the company was hired and put in a position of seniority over him.

they have worked at the company somewhere between four and thirty-nine years and have been treated less favorably than their white counterparts who, they allege, have less experience and/or knowledge. Specifically, the Plaintiffs contend, that their white counterparts made more money and were put in positions of seniority over them without justification.

As noted above, the Plaintiffs aver that Cotton Seed violated Title VII, the Equal Pay Act, and "Labor Code Section 432.3." Through the present Motion [9], Cotton Seed has requested dismissal of all claims.

*Legal Standard*

Motions made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure test the legal viability of a complaint. A court reviewing such a motion must afford "the assumption that all of the complaint's allegations are true," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 167 L. Ed. 2d 292 (2007), and determine whether the averments comprise a "plausible" right to recovery. *Id*. Additionally, the Court must construe the well-plead factual allegations in the complaint in the light most favorable to the plaintiff. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face," *Id*. at 570.

Last, the Court must consider the Plaintiffs' suit in light of their status as pro se litigants. Their complaint is therefore "held to less stringent standards than formal pleadings drafted by lawyers." *Cardona v. Taylor*, 828 F. App'x 198, 200 (5th Cir. 2020) (quoting *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002)) (citation omitted); *see also Books A Million, Inc.*, 296 F.3d at 378.

*Analysis*

As noted above, the Plaintiffs have asserted three separate causes of action. The Court will address each of them in turn.

A. *Title VII Claims*

The Court first turns to the Plaintiffs' Title VII claims. Cotton Seed asserts that "Plaintiffs' claims should be dismissed because Plaintiffs failed to exhaust their administrative remedies by filing a Charge of Discrimination with the EEOC." [10], p. 2.

The Fifth Circuit has been clear that "[e]mployment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Books A Million, Inc.*, 296 F.3d at 378–79 (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir.1996)). Under Title VII, claimants have ninety days to file a civil lawsuit after receiving a notice of right to sue from the EEOC. *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir.1982) (citing 42 U.S.C. § 2000e–5(f)(1) (1994)).

The Court has difficulty discerning the Plaintiffs' contentions as it relates to the issue of filing a charge with the EEOC. In their Responses, the Plaintiffs contend as follows:

> [T]he requirement the Defendants Attorney claims that we had to file a claim with the EEOC, is misrepresented this Rule applies to lawsuit filed under Title VII, Age discrimination in Employment Act, and the Genetic information and,

3

>Nondiscrimination Act. It does not, however apply to lawsuits alleging violation of the Equal Pay Act.

[27, 28, 29, 30], p. 1.

In the Court's view, the Plaintiffs seem to admit that there was a requirement to file a charge with the EEOC prior to pursuing a Title VII claim. However, later in the Responses, they state "filing an EEOC Charge is not a Jurisdictional requirement for Title VII Suits." [27, 28, 29, 30], p. 1. Despite the conflicting narrative propounded by the Plaintiffs, the Court can resolve the discrepancy and these claims rather easily. The Plaintiffs are correct in their assertion that filing an EEOC charge is not a jurisdictional requirement for Title VII lawsuits. *See Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996); *see also Stroy v. Gibson on behalf of Dep't of Veterans Affs.*, 896 F.3d 693, 698 (5th Cir. 2018). However, it "is a precondition to filing suit in district court." *Gamel v. Grant Prideco*, L.P., 625 F. App'x 690, 694 (5th Cir. 2015) (citations omitted); *see also Stroy*, 896 F.3d at 698; *see also Ruiz v. Brennan*, 851 F.3d 464, 472 (5th Cir. 2017). In other words, the filing of an administrative complaint is a non-dispensable pre-requisite to bringing suit under the legislative protections of Title VII. *Thomas v. Atmos Energy Corp.*, 223 F. App'x 369, 376 (5th Cir. 2007).

Ultimately, it is undisputed that the Plaintiffs did not file a charge with the EEOC prior to filing this lawsuit. Consequently, they cannot proceed on their Title VII claims in federal court. Those claims are therefore dismissed *without prejudice*.[2]

>B. Equal Pay Act of 1963 ("EPA") Claims

The Court next turns to the Plaintiffs' claims made pursuant to the Equal Pay Act of 1963 ("EPA"). In pertinent part, the EPA states that:

---

[2] Because the claims are being dismissed due to failure to exhaust administrative remedies and not on the merits, the dismissal is *without prejudice*. The Plaintiffs may refile these claims after exhausting administrative remedies if they choose to do so.

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees *on the basis of sex* by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions…

29 U.S.C.A. § 206 (d)(1) (emphasis added).

The Court notes this cause of action has been brought on the basis of race. However, the EPA only affords protection on the basis of sex. *See* 29 U.S.C.A. § 206. "As a matter of law, the Equal Pay Act does not apply to claims of race discrimination. The Equal Pay Act applies only to claims of discrimination on the basis of gender." *Edwards v. Smitty's Supply, Inc.*, 2016 WL 3667361, *8 (E.D. La. July 11, 2016) (citations omitted); *see also Woodson v. Miss. Space Services/Computer Sciences Corp.*, 2007 WL 2012809, *4 (S.D. Miss. July 6, 2007) ("The Equal Pay Act applies only to claims of discrimination based on gender.") (internal citation omitted).

Because the Plaintiffs have alleged only racial discrimination, not sex discrimination, their Equal Pay Act claims fail as a matter of law and are therefore dismissed *with prejudice*.[3]

*C. Labor Code 432.2*

In addressing what "Labor Code 432.2" is, the Court is unable to discern its meaning or relevance. Through due diligence, the Court has not been able to locate any relevant legal authority that reflects what "Labor Code 432.2" might be. The only legal authority that the Court was able to locate that operates under the guise of "Labor Code 432.2" is Cal. Lab. Code § 432.2. That is a California statute enacted by the California state legislature, which pertains to polygraphs and lie detectors. That is not a legal authority under which any plaintiff may bring a claim in this Court.

While the Court acknowledges that it must afford leniency to the Plaintiffs' assertions, it

---

[3] Unlike the Title VII claims, the Court dismisses these claims *with prejudice* because the defect cannot be cured.

is unable to discern the basis upon which they request relief. *See*, *e.g.*, *Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015) (noting that federal courts "have a traditional disposition of leniency toward pro se litigants") (citation omitted). Although the Court is unable to discern the basis for relief upon which the Plaintiffs seek relief and therefore finds that dismissal is appropriate, the Court dismisses the claims *without prejudice* so that the Plaintiffs may refile them and properly articulate the basis for their request.

*Conclusion*

For the reasons set forth above, the Defendant's Motion to Dismiss [9] is GRANTED. The Plaintiffs' Title VII and Labor Code 432.2 claims are dismissed *without prejudice*. The Equal Pay Act claims are dismissed *with prejudice*. This CASE is CLOSED.

SO ORDERED this, the 13th day of August, 2021.

/s/ Sharion Aycock<br>UNITED STATES DISTRICT JUDGE