IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOE C. MORTON ET AL                                                                              PLAINTIFF

VS.                                                    CAUSE NO. 4:20-CV-199-SA-JMV

COTTON SEED CO-OP
CORPORATION                                                        DEFENDANT

ORDER

On August 13, 2021, the Court entered an Order and Memorandum Opinion [58] granting summary judgment in favor of Cotton Seed Co-op Corporation, dismissing all claims asserted by the Plaintiffs, and closing the case. On September 10, 2021, the *pro se* Plaintiffs filed a Motion [59] entitled "Motion To Object The Courts Ruling To Dismiss For Not Filing A Complaint With The EEOC." Cotton Seed filed a Response in Opposition [60]. Having reviewed the parties' filings, along with the applicable authorities, the Court is prepared to rule.

*Reconsideration Standard*

Rule 59(e) of the Federal Rules of Civil Procedure authorizes a district court to "alter or amend a judgment." FED. R. CIV. P. 59(e). "A Rule 59 motion is the proper vehicle by which a party can 'correct manifest error of law or fact' or 'present newly discovered evidence.'" *Surratt v. Tractor Supply Co.*, 2020 WL 6051260, at *1 (N.D. Miss. Oct. 13, 2020) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)) (additional citation omitted). The Fifth Circuit has explicitly directed that Rule 59(e) motions should not be granted unless: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003).

Importantly, "motions for reconsideration 'should not be used to . . . re-urge matters that have already been advanced by a party.'" *O'Hara v. Travelers, Also Named, The Automobile Ins. Co. of Hartford, Conn.*, 2012 WL 12884579, at *1 (S.D. Miss. July 20, 2012) (quoting *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009)) (additional citations omitted). Stated differently, "[a] party should not attempt to use the Rule 59 motion for the purpose of 'rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Surratt*, 2020 WL 6051260 at *1.

*Analysis and Discussion*

Although not specifically styled as such, the Court views the Plaintiffs' Motion [59] as one for reconsideration. Because it is not lengthy, the Court will set forth below the entirety of the substance of Plaintiffs' Motion [59]:

> Higher Courts have ruled that we do not have to file a EEOC complaint under title 7, Texas v Davis 5th circuit courts of appeal and under the Equal pay act of 1963 allows me to file this lawsuit without filing a EEOC complaint this lawsuit was file under this act alone with the title 7. We clearly stated we were never giving equal pay because of race. For these reason alone the Court should reconsider the Motion to dismiss it should be overruled. The Judge stated under the law leeway is giving to a Pro se plaintiff and it was extended but this court fail to recognize that this a Federal lawsuit filed under the Equal pay act 1963 and higher fifth circuit Court has ruled we do not have to file a EEOC COMPLAINT. There is a motion for default judgment that was filed and was not ruled on by this Court instead the motion to dismiss has been ruled. We must be giving the same latitude as lawyers. Bias was shown between the magistrate judge and the defendant's attorney, doing a telephone conference they acknowledged each other on a first name basis which show bias and violates Cannon Code. We also would like a final judgment under rule 54.

[59] at p. 1-2.

As noted above, motions for reconsideration should not be used to re-urge arguments that have previously been raised by a party and rejected by the Court. *See O'Hara*, 2012 WL 12884579

at *1. The Plaintiffs have not come forward with new evidence nor have they set forth any manifest error of law committed by the Court in granting summary judgment in favor of Cotton Seed and dismissing all claims. Rather, the filing appears to be an expression of dissatisfaction with the Court's ruling. Though they make a general reference to a Fifth Circuit case, they cite no authorities to support their position.

Although recognizing the Plaintiffs' *pro se* status and that they should therefore be given substantial leeway, the Court finds that the Plaintiffs have not shown that reconsideration is warranted. *See*, *e.g.*, *Lewis v. DBI Servs.*, 2020 WL 248703, at *3 (W.D. Tex. Jan. 15, 2020) (quoting *Harris v. Honda*, 213 F. App'x 258, 262 (5th Cir. 2006)) ("Although this Court does give leeway to pro se plaintiffs, this consideration 'is not enough to outweigh the major underlying purpose of the exhaustion requirements, which is to ensure that employers have notice of claims of discrimination.'"). The Court clearly articulated the reasons for its dismissal in its Order and Memorandum Opinion [58], and the Plaintiffs have not established the need for reconsideration. They are not entitled to the relief they request.

*Conclusion*

For the reasons set forth above, the Plaintiffs' Motion [59] is DENIED.

SO ORDERED this, the 24th day of November, 2021.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE